## SOUTHERN KRAFT CORPORATION v. PARNELL.

### No. 6610.

Circuit Court of Appeals, Fifth Circuit.
June 27, 1933.

E. J. Ford, of Pascagoula, Miss., for appellant.

S. C. Mize, of Gulfport, Miss., and Eleanor S. Babendreer, of Memphis, Tenn., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment entered on a verdict awarding damages for personal injuries in the sum of $7,500. Error is assigned to the refusal of the court to direct a verdict for defendant.

There was evidence tending to show the following material facts: Appellee, Parnell, was employed by appellant in its paper mill at Moss Point, Miss. In the process of manufacture, the paper is wound on steel cores. These cores are about 15 feet in length, but vary in diameter from 12 to 18 or 20 inches. According to different witnesses, they vary in weight from 700 pounds to 1,000 or 1,200 pounds. When wound with paper, the reels will vary in diameter from about 32 inches up and in weight from 1,600 to 5,000 pounds. The accident occurred in what is called the finishing room. In this room is a cutting machine used for cutting the paper, after being unwound from the reels, into sheets. Empty cores and reels of paper are customarily stacked up indiscriminately in a pile, some times as high as 8 or 10 feet, behind the cutter. At the north end of this space there are chocks bolted to the floor, but there are no fixed chocks at the south end. The empty cores and the reels of paper are moved out of the stack by an overhead crane to be taken to the cutter and other parts of the factory. When the accident occurred, Parnell was engaged in moving a core from the pile, which contained both cores and reels of paper, by means of the overhead crane. A piece of paper was sticking with glue to the core that he intended to move. It was necessary to remove this piece of paper before the core could be used. He stepped in between the

cores and reels in the pile for the purpose of removing this piece of paper when the pile shifted. His leg was crushed between the cores, and he was badly injured. So far there is no dispute as to the facts.

The negligence relied upon was that the employer had failed to use reasonable care to furnish the employee with a reasonably safe place to work because no proper chocks were furnished to hold the south end of the pile. As to this there was a conflict in the testimony. There was testimony tending to show that a proper and safe chock would be a block of wood about 4 inches in thickness, 4 or 5 inches high, and hollowed out to conform to the contour of the cores and reels of paper. There was evidence tending to show that such chocks were available. There was evidence tending to show that the pile could be chocked by pieces of pipe or round wooden plugs that were primarily used in plugging the ends of the reels of paper, both of which were handy. As against this, there was testimony tending to show that no chocks had been furnished prior to the accident, and that the men had been forbidden to use the plugs because they had a tendency to tear and damage the paper in the reels.

Appellant contended that it was the duty of Parnell and his fellow workmen to properly chock the pile, that Parnell assumed the risk of not doing so, and that he was also guilty of contributory negligence. Under section 513 of the Mississippi Code of 1930, an employee does not assume the risk of injury resulting from an employer's negligence. Under section 511 of the Code, contributory negligence is not a defense, but only a cause to diminish the damages in proportion to the employee's negligence. Neither would the doctrine of fellow servant apply if the jury found, as well they might, on the conflicting evidence, that proper chocks were not furnished and the men were instructed not to use the wooden plugs. Proper and safe wooden chocks would be simple and inexpensive appliances. There could be no doubt that it was the nondelegable duty of the employer to furnish them if they were safer than such makeshift chocks as plugs and pieces of pipe. It was not error to refuse a directed verdict.

Appellant also assigns error to the giving of three special charges at the request of the plaintiff. An examination of the bill of exceptions fails to disclose that either objection was made or exception reserved to the giving of these charges. In fact one charge assigned as error does not appear in the bill

of exceptions at all. We have no authority to consider these assignments, although we may say in passing that, considering the testimony in the record, the assignments are without merit.

The record presents no reversible error. Affirmed.