## YATES v. ATLANTIC ICE & COAL CO.
### No. 7470.

Circuit Court of Appeals, Fifth Circuit.
March 19, 1935.

H. C. Tillman, of Tampa, Fla., for appellant.

T. Paine Kelly and John J. Twomey, both of Tampa, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought suit to recover damages for personal injuries, alleged to have been caused by the failure of his employer, appellee, to furnish him with a safe place to work and safe and sufficient appliances with which to do the work. Appellee pleaded not guilty, assumption of risk, and negligence of a fellow servant. At the conclusion of the evidence a verdict was directed for defendant, apparently on the ground that plaintiff could not recover because he had assumed the risk, which was obvious and incident to his employment. Error is assigned to that action of the court.

It appears that appellee was engaged in dismantling the machinery of an ice factory, located in a building in Tampa, Fla., and moving it from the building to railroad cars on a track about 150 feet distant. A part of the apparatus being moved was an overhead crane used to lift blocks of ice from the freezing tanks. It consisted of a framework of metal beams, was about 40 feet long and about 10 feet wide. Estimates as to its weight varied from 5,500 pounds to 5¾ tons. The method of moving the crane was to raise one end of it, using a railroad jack, lay a track consisting of boards 2 or 3 inches thick by 12 inches wide and about 10 or 12 feet long, put rollers under the frame, resting them on the track, let the crane down on them, and move the crane forward to the extent the rollers would permit by hauling it with an automobile truck. Appellant was about 25 years old, a plasterer by trade, but had been employed by appellee as a day laborer, at $1.50 a day, for something over a month in doing the work. It

was his duty to drive the truck in hauling the crane and to assist in laying the track for the rollers to run on. Appellant used his leg to push one of the track boards under the side of the crane. As he did so, the accident occurred by the jack slipping, letting the crane fall upon his leg and badly crushing it.

The evidence was conflicting as to whether the method of doing the work was safe, some witnesses testifying that two jacks should have been used, placing one under each of the front corners of the crane, and some stating that one jack placed in the center was sufficient. However, there is no dispute at all that the safest method of doing the work would be to put blocks under each side of the crane, after raising it with a jack or jacks, before any one went under it to adjust the boards used for the track. It is certain that no blocks were used. As to the manner of doing the work, the testimony of Lowe, foreman in charge of the job, is significant. He testified in substance that he instructed the laborers to be careful and use the safest methods; that push poles, consisting of pieces of timber 2 by 4 inches, were provided, and should have been used to push the boards in place; that in doing the job he was not figuring on safety so much as he was in hurrying to get it done; that to have used two jacks or to have used blocks as a measure of safety would have made the work too slow.

There was conflict in the evidence as to the availability of push poles to adjust the boards and as to whether any instructions had been given about doing the work. There was testimony tending to show that the usual method of pushing the track boards under the crane was that employed by appellant at the time of the accident.

It is elementary that it is the nondelegable duty of the master to use reasonable care to furnish the servant with a reasonably safe place to work, sufficient and reasonably safe tools and appliances with which to do it, and to warn him of dangers incidental thereto. An employee assumes the risk that is obvious, of common knowledge to those engaged in the occupation and necessarily incident to the doing of the work, but he does not assume a risk arising from the employer's negligence or breach of duty of which he is not aware.

[3] It is not shown that anything had occurred in the brief space of appellant's employment that would charge him with knowledge that the method of doing the work was dangerous, and he had the right to rely upon the superior experience and knowledge of the foreman. It is reasonably certain that he was knowingly permitted by the foreman to put his leg in a position of danger without any warning. The safest method of doing the work was to put blocks under the bottom members of the crane, after it had been raised, whether by one or two jacks is immaterial, to hold it in case the jack should slip. This method could easily have been used, at nominal expense and with only slight delay. On the record, it does not appear that the accident resulted from a risk that appellant assumed or from the negligence of a fellow servant. On all the evidence, it would be a reasonable conclusion that appellee was guilty of negligence and of breach of duty. Cf. Southern Kraft Corp. v. Parnell (C. C. A.) 65 F.(2d) 785.

It was error to direct a verdict for defendant.

Reversed and remanded.