Ingraham BILLIE et al., as the General Council of the Miccosukee Seminole Nation,

v.

The SEMINOLE INDIANS OF THE STATE OF FLORIDA.

Appeal No. 3–55.

United States Court of Claims.

Dec. 5, 1956.

George John Miller, Tallahassee, Fla., for appellants. Morton H. Silver, Miami, Fla., and Caldwell, Parker, Foster, Wigginton & Miller, Tallahassee, Fla., were on the brief.

Guy Martin, Washington, D. C., for appellees. Roger J. Waybright, Jacksonville, Fla., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

This is an appeal by Ingraham Billie et al. from an order issued by the Indian Claims Commission on April 8, 1955, sustaining the motion of the Seminole Indians of the State of Florida to strike a "special appearance and motion to quash" filed by Ingraham Billie et al. in Docket Nos. 73 and 73-A of the Indian Claims Commission and ordering the motion to quash stricken from the record.

The Seminole Indians of the State of Florida have pending before the Indian Claims Commission two petitions, Docket Nos. 73 and 73-A, asserting claims against the United States under the provisions of the act of August 13, 1946, 60 Stat. 1049, 25 U.S.C.A. § 70 et seq.

On September 17, 1954, Ingraham Billie et al., individually and for the General Council of the Miccosukee Seminole Nation of Florida, filed a special appearance for the sole purpose of mak-

ing a "motion to quash" the two above-mentioned petitions on the ground that the petitions present claims relative to land on which the Miccosukee Seminole Nation resides; that no attorneys have been authorized by the General Council of the Miccosukee Seminole Nation to bring a claim on behalf of the nation against the United States, nor has the petitioner in Docket Nos. 73 and 73-A such authority.

On November 4, 1954, the petitioner in Docket Nos. 73 and 73-A replied to the motion to quash, pointing out that the petitions had been filed by attorneys who had approved contracts with certain individual Indians; that attorneys for the Ingraham Billie group, presenting the motion to quash, had no such contract, and praying that the Commission overrule the motion to quash and strike such motion from the record.

After considerable correspondence between the Indian Claims Commission and the attorneys for the Ingraham Billie group, a hearing was set in Washington on the motion to quash. The Ingraham Billie group asked that the hearing be held at a later date and in Florida, as it was desired to take testimony of the United States Indian Agent for the Seminoles.

On April 8, 1955, in a summary proceeding, the Indian Claims Commission issued an order entitled "Order Sustaining Motion to Strike" in which it ordered the special appearance and motion to quash filed by the Ingraham Billie group be stricken from the record of Docket Nos. 73 and 73-A.

The above outlined proceedings appear to be somewhat unorthodox. Normally, motions to quash are directed to processes such as subpoenas, summonses, and in criminal cases to indictments. Presumably the appellants wished to have appellees' petitions dismissed. In civil proceedings the customary method of having a petition dismissed is to file a motion to dismiss.

A motion to strike is usually directed to a portion of a pleading to eliminate some matter considered redundant, im-material, impertinent or scandalous, or it may be directed to a defense considered to be insufficient. See Rule 16 (f) of the Rules of the United States Court of Claims, 28 U.S.C.A., and Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The usual response to a motion to dismiss a petition is a reply asking that the motion be denied, rather than a request for an order striking the motion.

Viewing the pleadings from the point of view of substance rather than form, what has actually happened in this case is that the appellant, not a party (nor wishing to intervene) to the pending claims of the Seminoles before the Indian Claims Commission in Docket Nos. 73 and 73-A, have appeared specially and filed a motion which in substance requests the Indian Claims Commission to dismiss the petitions of appellees in the two cases. The Commission has denied that motion and has ordered the motion stricken from the record and it is from the Commission's order that this appeal is taken.

■ The jurisdiction of the Court of Claims to review actions by the Indian Claims Commission is contained in section 20 of the Indian Claims Commission Act, 60 Stat. 1049, 25 U.S.C.A. § 70s. That jurisdiction includes the power to affirm, modify, or set aside *final determinations* of the Commission. This provision is in conformity with the usual rule, in the absence of a specific statutory provision, that a judgment, order or decree is not appealable unless final.

■ In order that a judgment, order or decree be final for the purposes of appeal therefrom, it must dispose of the cause or some distinct branch thereof. Ordinarily, an order denying a motion to dismiss a petition is not reviewable because such an order is not a judgment and does not dispose of the case.

■ A decree or order may be final even though it does not finally determine all the issues presented by the pleadings

if it finally disposes of a collateral issue. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, and Arnold v. United States for Use of W. B. Guimarin & Co., 263 U.S. 427, 44 S.Ct. 144, 68 L.Ed. 371.

A refusal of a court to quash an execution has been held not to be a final judgment, Evans v. Gee, 14 Pet. 1, 10 L.Ed. 327. An order striking an imperfect plea to the jurisdiction has also been held not to be final and therefore not appealable because it did not dispose of the case. Baldwin v. Lowe, 129 Ga. 711, 59 S.E. 772. An order denying a motion to strike a complaint for insufficiency has been held not appealable as a final judgment. Schaffran v. Mt. Vernon-Woodberry Mills, 3 Cir., 70 F. 2d 963, 94 A.L.R. 543. The general policy of the law that cases cannot be appealed piecemeal, Oneida Navigation Corp. v. W. & S. Job & Co., Inc., 252 U.S. 521, 40 S.Ct. 357, 64 L.Ed. 697, and that orders which dispose of matters purely incidental to the principal matter in litigation can only be reviewed on an appeal from the final decree disposing of the whole case is subject to the exception that injustice and hardship must be avoided whenever possible. Attorney General of Utah v. Pomeroy, 93 Utah 426, 73 P.2d 1277, 114 A.L.R. 726. It has also been held that an order affecting substantial rights may be appealable. Hartberg v. American Founders' Securities Co., 212 Wis. 104, 249 N.W. 48, 91 A.L.R. 536.

It seems to be appellant's position that although it is not and does not wish to be a party to the suit, its title to part of the land which is the subject matter of the suit is paramount, and that a decree of the Indian Claims Commission establishing the rights of the original parties to that subject matter (land) would work an injustice and irreparable injury on the appellant. If appellant's title to the land which is the subject matter of the suit is indeed paramount, his paramount title will not be affected by the decree of the Commission as to the rights of the original parties since it will not purport to adjudicate appellant's title or right to the land in question.

Since the order appealed from is not a final order and does not finally determine some positive legal right of the appellants, the appeal must be dismissed as not coming within the jurisdiction of the Court of Claims to review, within the meaning of section 20 of the Indian Claims Commission Act. The substance of the Commission's order was merely a refusal to dismiss the petition of appellees. The further action of the Commission in striking from the record the appellant's motion to quash was, at most, only an administrative error and can be corrected by the Commission if it should deem that to be necessary. The cause was not ripe for appeal and although the objection was not raised by the appellee,[1] the appeal is dismissed.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.

---

1. See Oneida Navigation Corporation v. W. & S. Job & Co., Inc., 252 U.S. 521, 40 S.Ct. 357, 64 L.Ed. 697.