**TOMPKINS MOTOR LINES, Inc., and Ralph Rucelle Shelton, Appellants,**

v.

**GEORGIA BROILERS, Inc., Appellee.**

No. 17343.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1958.

Emory F. Robinson, A. C. Wheeler, Wheeler, Robinson & Thurmond, Gainesville, Ga., for appellants.

Hammond Johnson, Jr., R. Wilson Smith, Jr., Gainesville, Ga., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a final order, entered in the course of litigation, dismissing by summary judgment a cross-action. Notwithstanding the continued pendency of the main action, the challenged order is appealable under Fed. Rules Civ.Proc. Rule 54(b), 28 U.S.C.A., which provides:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment * * * ."

The trial court made the requisite order.

Georgia Broilers filed suit against Tompkins Motor Lines and Shelton, its driver, for damages to equipment resulting from an automobile collision, allegedly attributable to Shelton. Tompkins and Shelton cross-claimed and sought damages from Georgia Broilers, alleging that its driver, Allen, was negligent and thus responsible for injury to property of the defendants. As to this contention, Georgia Broilers moved to strike the cross-action on the ground that it had been released from liability by the defendants because they had released its servant and joint tort-feasor, Allen.

It was determined, without dispute as to the facts, that Allen had also filed a suit against Tompkins and Shelton for personal injuries and that this suit had been dismissed with prejudice upon payment of $13,500 to Allen. It is Georgia Broilers' contention that the disposition of the Allen suit constituted not only a release by Allen of both Tompkins and

Shelton, as evidenced by a written release, but also to a release by Tompkins and Shelton of Allen. If this is true, then it is also a release of Georgia Broilers, because it is clear that under the applicable Georgia law the release of one of several joint tort-feasors is a release of all. Donaldson v. Carmichael, 102 Ga. 40(2), 29 S.E. 135; Griffin Hosiery Mills v. United Hosiery Mills, 31 Ga.App. 450, 120 S.E. 789; Edmondson v. Hancock, 40 Ga.App. 587, 151 S.E. 114.

 The experienced trial court, in sustaining Georgia Broilers' contention that the settlement with Allen amounted to a release as to him, cited Giles v. Smith, 80 Ga.App. 540, 56 S.E.2d 860, 862. That case clearly controls here. Giles sued Smith for injuries allegedly caused to Giles by Smith's driver, Jackson. Smith defended on the ground that Giles had made a previous settlement with Jackson by paying him $275.00 in satisfaction of his claim for injuries against Giles. The Georgia Court of Appeals held:

"This release of the plaintiffs by Jackson from all claims by him growing out of the collision, and the payment of the $275 by the plaintiffs constituted a settlement of all claims between the parties growing out of the collision, the plaintiffs' claims against Jackson as well as Jackson's claim against the plaintiff * * * Therefore, if Jackson was released from all liability growing out of the collision by virtue of the release and settlement, the defendants were necessarily released."

Appellant claims that this Court, in U.S.A.C. Transport v. Corley, 202 F.2d 8, established a different rule. We do not agree. The Court there had before it a payment made by an insurance carrier to discharge its own liability and followed the Georgia Court of Appeals decision in Foremost Dairies, Inc. v. Campbell Coal Co., 57 Ga.App. 500, 196 S.E. 279, which dealt with the special situation where a payment is made by an insurance carrier on its own behalf. In such a situation it is held that the insurance

company's payment does not release any claim that may exist on behalf of the party insured.

No such situation was present here.

 Appellants next contend that if their payment to Allen constitutes a release as to Georgia Broilers as well, then Allen's release must also release the claim of his principal, Georgia Broilers. This does not, of course, follow. The claim of Georgia Broilers was entirely separate and distinct from that of Allen. It has not relinquished any of its rights to pursue its claim merely because Allen has settled his. Nor have its rights been extinguished because the release of its alleged joint tort-feasor, Allen, has extinguished the single joint claim of Tompkins and Shelton against it as well.

The judgment is affirmed.