Robert **KINCADE**, Eva **Kincade** and W. S. **Kincade**, Appellants,

v.

**C & L RURAL ELECTRIC COOPERATIVE CORPORATION** and **Employers Mutual Liability Insurance Company of Wisconsin**, Appellees.

No. 18009.

United States Court of Appeals
Fifth Circuit.

April 11, 1960.

---

\* Of the Tenth Circuit, sitting by designation.

**930**

Vincent J. Brocato, Clarksdale, Miss., James T. Kendall, Jackson, Miss., for appellants.

T. S. Lovett, Jr., P. A. Lasley, Little Rock, Ark., for appellees.

Before RIVES, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

■ This appeal is from a summary judgment dismissing that portion of the amended counterclaim asserted by the appellants in which they demanded judgment against the appellee in the sum of $8,654.13.[1] The district court, acting under the provisions of Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A., directed the entry of a final judgment on that portion of the amended counterclaim upon an express determination that there is no just reason for delay. As appears from the opinion of the district court, that portion is entirely severable from the remainder of the counterclaim and constitutes one separate claim in an action presenting multiple claims for relief.[2] The appeal being from a final decision of the district court entered pursuant to Rule 54(b), this Court has jurisdiction. 28 U.S.C.A. § 1291; Vol. 6; Moore's Federal Practice, 2nd ed., Paragraphs 54.27, et seq.

■ The appellants attack the holding of the district court that the claim asserted in their counterclaim accrued, if at all, in Arkansas and not in Mississippi,[3] and insist that the claim or cause of action accrued at Clarksdale, Mississippi, when C & L failed to make payment to the Kincades at that place. The real gist of the counterclaim is not, however, simply for a failure to pay a fixed, definite or liquidated sum of money, but is for breach of a contract to be performed entirely in Arkansas. We agree with the district court that the claim accrued, if at all, in Arkansas, and that the case of Le Mieux Brothers Corp. v. Armstrong, 5 Cir., 1937, 91 F.2d 445, relied on by appellants, is inapplicable. Finding ourselves in agreement with the opinion and decision of the district court, its judgment is

Affirmed.

1. The full and able opinion of the district court is reported as C & L Rural Electric Cooperative Corporation v. Kincade, 1959, 175 F.Supp. 223.

2. See Cold Metal Process Co. v. United Engineering & Foundry Co., 1956, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311; National City Bank of New York v. Republic of China, 1955, 348 U.S. 356, 75 S.Ct. 423, 99 L.Ed. 389; Oyster Shell Products Corp. v. United States, 5 Cir., 1952, 197 F.2d 1022.

3. From which holding it followed that Section 740 of the Mississippi Code 1942, did not apply.