NORRIS MANUFACTURING COM-
PANY, Appellee,

v.

R. E. DARLING CO., Inc., Appellant.

No. 8720.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 9, 1962.

Decided March 25, 1963.

See also 29 F.R.D. 1.

James P. Donovan, Washington, D. C.,
for appellant.

Edward F. Shea, Jr., Baltimore, Md.
(Paul F. Due and Joseph Sherbow, Balti-
more, Md., on brief), for appellee.

Before HAYNSWORTH and
BOREMAN, Circuit Judges, and
BUTZNER, District Judge.

HAYNSWORTH, Circuit Judge.

In an effort to avoid partial execution
upon a judgment against it, the judg-
ment-debtor has appealed, contending
that the judgment is not a final, appeal-
able order. We find that it was, and
that there was no abuse of discretion
when the District Judge required a par-
tial payment upon it.

The defendant, R. E. Darling Co., Inc.,
is a manufacturer of high altitude, oxy-
gen, breathing hoses and equipment.
The plaintiff, one of its suppliers,
brought this action for the recovery of
$101,658.28 for goods sold and delivered
by the plaintiff to the defendant. The
defendant admitted that it owed the
plaintiff $96,338.28 for goods which it
had purchased, but it claimed that some
other goods, invoiced at $5,320, which
it had received from the plaintiff were

defective. The defendant contested the plaintiff's claim to that extent. The defendant also filed a counterclaim against the plaintiff, in which it set forth causes of action unrelated to the plaintiff's complaint. In the counterclaim, it is alleged that the plaintiff owns a beneficial interest in Space Aero Products Co., Inc., a competitor of the defendant's, some of the officers of which are former employees of the defendant. The counterclaim charges that the plaintiff with certain of the defendant's employees conspired and in concert obtained certain of the defendant's trade secrets, designs, drawings and materials, and utilized them to the profit of Space Aero Products Co., Inc., and to the detriment of the defendant. It sought a large amount of money in actual and punitive damages on the counterclaims.

Since the plaintiff's claim of $101,-658.28 was contested only to the extent of $5,320, and the remainder of $96,-338.28 was uncontested, the plaintiff moved for a summary judgment in its favor as to the uncontested portion of its claim. Its motion was granted by an order of May 2, 1961, but execution upon the judgment was stayed pending the further order of the Court upon condition that the defendant file a sufficient bond in the penal sum of $100,000, conditioned upon the payment to the plaintiff of any amount ultimately found to be due. This order contained no determination that there was no just reason for delay.

Thereafter the parties engaged in a number of pretrial proceedings, during which it is apparent that both parties treated the contested portion of the plaintiff's claim as having been left open for litigation and ultimate determination by the Court, in spite of the fact that the defendant had filed the bond required as a condition of the stay of execution on the order of May 2, 1961, from which fact it would appear that the Court and parties thought that the judgment otherwise would have been final and subject to execution.

During the remainder of 1961, the parties were principally concerned with preparation of the case for trial on the counterclaims. In that connection, the Court in May 1961 appointed a distinguished chemical engineer as a Special Master to investigate the activities of Space Aero Products Co., Inc. and its alleged use of drawings, trade secrets and confidential information obtained from the defendant. Apparently, because each side was interested in the security of still secret information each possessed, the engineer designated as Special Master was to proceed in an ex parte fashion, and it was clearly understood by the Court and the parties that his findings were not to be accepted until he and his informants had been subject to cross examination in open court. The Special Master filed a report in September 1961, which, based upon his ex parte investigation, lent some support to the defendant's counterclaims. For the reasons stated, however, the report carries with it no present presumption of correctness, though its conclusion indicates that the defendant's counterclaims are not frivolous and were not interposed solely for the purpose of delay.

The issues raised by the counterclaims were far from simple, however, and by early 1962 were still unready for trial. The plaintiff had not paid certain income tax obligations it owed to the United States, with the result that a tax lien was filed with the defendant to protect the interest of the United States in the moneys due by the defendant to the plaintiff upon the judgment of May 2, 1961.

Thereafter, the plaintiffs sought a revision of the order of May 2, 1961. After a hearing on March 30, 1962, the District Court ruled that in moving for summary judgment the plaintiff had not reserved the right to claim the contested sum of $5320, and that the order of May 2, 1961 awarding judgment in favor of the plaintiff in the sum of $96,338.28 was intended to have been a final order disposing of the whole of the plaintiff's claim. It ordered the defendant to deliver its check

payable jointly to the order of the plaintiff and the District Director of Internal Revenue in the amount of $50,000 on account of the judgment, provided that the plaintiff would file a bond for $25,000, conditioned upon its payment of any judgment which might be rendered in favor of the defendant upon the counterclaims. Upon such payment, the amount of the bond previously filed by the defendant was to be reduced from $100,000 to $50,000.

The District Court declared that if it should be in error in its interpretation of its order of May 2, 1961, it would then be its purpose to direct the entry of a final judgment in favor of the plaintiff in the sum of $96,338.28, determine that there was no just reason for delay, but stay execution thereon to the extent of the excess over $50,000, conditioned upon the bond filings and adjustments as previously ordered.

A formal order embodying the Court's rulings of March 30, 1962 was prepared and signed by the Court on April 24, 1962. By inadvertence, it omitted the express determination that there was no just cause for delay. The omission was supplied by an amendatory order of June 7, 1962, entered after a conference between Court and counsel, and after the defendant's notice of appeal had been filed.

Construed together, these several orders clearly constituted a final judgment in the amount of $96,338.28 in favor of the plaintiff upon its claim for goods sold and delivered. If the order of May 2, 1961 was not itself a final judgment to that effect, because it contained no determination that there was no just reason for delay, by the clear provisions of Rule 54(b) of the Federal Rules of Civil Procedure, the order remained subject to revision. It was so revised by the orders filed in April and June 1962, and, as revised, is a final adjudication of all of the plaintiff's claim, and it contains the required determination that there is no just

reason for delay and a direction for the entry of judgment.

The defendant makes much of the fact that, after the entry of the order of May 2, 1961, despite the fact that the Court had felt it necessary to stay execution upon it and the defendant had filed a bond which was the condition of the stay, each of the parties had acted as if the contested portion of the plaintiff's claim was still open for litigation and ultimate determination by the Court. When the orders of April and June 1962 were filed, however, there can be no remaining doubt of the Court's clearly expressed intention to adjudicate the entire claim, leaving nothing open for subsequent determination with respect to the plaintiff's complaint. The judgment in the plaintiff's favor fixes its recovery upon its total claim of $101,658.28 at $96,-338.28. The plaintiff has not objected to those orders; it has not appealed from them. It concedes upon appeal that the orders foreclose, finally and completely, any subsequent claim by it with respect to the contested portion of its original claim. Conceding, as the plaintiff does, that the three orders, together, are a final and complete adjudication of the whole of its claim, it is purposeless to contend, as the defendant does, that the original order of May 2, 1961, before its revision, may not plainly have had that finality and totality.

Since the orders as revised and supplemented constitute a final adjudication of the plaintiff's entire claim, and since the District Court has determined there was no just cause for delay, and has directed the entry of judgment in the plaintiff's favor, the orders have clearly been made final and appealable under Rule 54(b). The plaintiff's claim, of course, was a single one, but the action became one involving multiple claims when the counterclaims were filed. Rule 54(b) governs such multiple cross claims, so that an order disposing finally of the plaintiff's single claim becomes final and appealable if, but only if, the District Court makes the requisite determination and direc-

tion.[1] In the absence of an abuse of the District Court's discretion, therefore, the entry of a final judgment in favor of the plaintiff upon its claim, prior to the determination of the issues raised by the counterclaims, was plainly warranted, and, after entry, the order was final and appealable and was subject to execution, except insofar as execution was stayed by the Court.

The defendant contends, however, that there was an abuse of the Court's discretion in permitting partial execution upon the judgment against it. It suggests that its provable damages upon its counterclaims will exceed the amount of the plaintiff's judgment, and the plaintiff's inability to pay its federal income taxes is not a hardship which ought to have resulted in a modification of the order of May 2, 1961, particularly in light of the fact that the plaintiff had made substantial advances to Space Aero Products Co., Inc.

The District Court gave careful consideration to such matters. Originally, it stayed execution altogether upon the judgment in favor of the plaintiff, but provided protection of the plaintiff by requiring the defendant to post a bond. After almost a year had elapsed and the time for trial of the issues raised by the counterclaims still was not at hand, the Court could properly reconsider how much longer the plaintiff might be required to wait to collect the purchase price of the goods it had sold and which was admittedly long since due and payable. In that connection, it was appropriate for the District Court to consider the fact that delay in receipt of the price of its goods had embarrassed the plaintiff in the payment of its income taxes.[2] Since the United States had given the defendant notice of its tax

lien, it also appears that in the event of the insolvency of the plaintiff, the tax claim of the United States would come ahead of any judgment which the defendant might ultimately obtain upon its counterclaims.

With these considerations in mind, the balance struck by the District Court seems entirely reasonable. It required the defendant to pay $50,000 on account of the plaintiff's judgment, but to do so by a check payable jointly to the District Director of Internal Revenue, thus insuring that the entire amount of the payment would be applied upon the preferred tax claim. At the same time, it required the plaintiff to post a bond in the amount of $25,000, so that the defendant would have remaining security for any possible judgment which may be entered in its favor to the extent of the unpaid portion of the plaintiff's judgment, plus the plaintiff's bond of $25,000. Because of the new bond required of the plaintiff, the ultimate effect of the revised orders may be to have increased the real security to the defendant. In no event, could it have reduced that security by more than $25,000.

In light of all of the circumstances, particularly the unrelated nature of the defendant's counterclaims, the uncertainty whether it will ever recover anything upon them, and, if so, how much, and the plaintiff's need to collect the purchase price of the goods it manufactured and sold which has been long since admittedly due, we think the Court's accommodation of the disparate interests of the parties was entirely fair and reasonable. We find no abuse of its discretion in entering a final judgment in favor of the plaintiff upon the conditions imposed by it.

Affirmed.

1. Cold Metal Process Co. v. United Engineering and Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311; Walter W. Johnson Co. v. Reconstruction Finance Corporation, 9 Cir., 223 F.2d 101; Omark Industries, Inc. v. Lubanco Tool Co., 2 Cir., 266 F.2d 540.

2. If the plaintiff reported upon an accrual basis, presumptively it had been required to report its claim against the defendant as current income and to compute income taxes based upon it.