Mrs. Eloise CARTER, Appellant,

v.

Mrs. Lois CROSWELL, Appellee.

No. 20259.

United States Court of Appeals
Fifth Circuit.

Oct. 3, 1963.

Rives, Circuit Judge, dissented.

Scott Tennyson, Jackson, Miss. (Heidelberg, Woodliff & Franks, Jackson, Miss., Weakley & Weakley, Dyersburg, Tenn., of counsel), for appellant.

P. H. Eager, Jr., Jackson, Miss., Thomas D. Bourdeaux, Meridian, Miss. (Ethridge, Minniece & Bourdeaux, Meridian, Miss., Watkins & Eager, Jackson, Miss., of counsel), for appellee.

Before RIVES, CAMERON and HAYS,* Circuit Judges.

CAMERON, Circuit Judge.

This is an appeal from a summary judgment entered against the counterclaimant in an action growing out of an automobile accident.

Plaintiff-appellee brought a tort action against appellant alleging that appellant's negligence proximately caused the accident. Appellant answered and counterclaimed, alleging that appellee was solely at fault. The court below entered summary judgment on the original claim for appellee, on the issue of liability only; and summary judgment for appellee, in her role of counter-defendant, on the counterclaim. The latter judgment was entered under Rule 54(b), F.R.Civ.P., 28 U.S.C.A.[1] This appeal is from the

---

* Of the Second Circuit, sitting by designation.

1. "Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, coun-

latter judgment only, and still pending below is the question of damages arising out of the original claim.

While we have considerable doubt as to the propriety of the entry of the summary judgment on the case presented,[2] we cannot dispose of this appeal on that ground because, under our view, we do not have jurisdiction of the merits of the appeal.

■ The parties did not raise the question, but we *sua sponte* test our jurisdiction to hear the appeal. The court below did find "that there is no just reason for delay of appeal from this judgment as rendered upon the counterclaim * * *", but that finding cannot confer jurisdiction on this Court unless "more than one claim for relief [was] presented in [the] action."[3]

■■ It is clear in this case that the claim and counterclaim are necessarily the same "claim" as that word is used in the statute,[4] and are not multiple claims. The policy against piecemeal appeals necessarily forces such a construction. A decision by this Court that the judg-

ment for the counter-defendant on the counterclaim was, or was not, proper would necessarily decide important aspects of the original claim, which clearly is not appealable at this stage of the litigation, and may perhaps state "the law of the case." This is so even though contributory negligence is not an absolute bar to recovery in Mississippi,[5] because the original claim and the counterclaim involve the same facts and the same parties.[6]

Appeal dismissed.

RIVES, Circuit Judge (dissenting).

It seems to me that this Court does have jurisdiction of the appeal entered under Rule 54(b), Fed.R.Civ.P., as construed in Sears, Roebuck & Co. v. Mackey, 1956, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297, and Cold Metal Process Co. v. United, etc., Co., 1956, 351 U.S. 445, 453, 76 S.Ct. 904, 100 L.Ed. 1311.

In the Court's opinion in the Sears, Roebuck case, it said:

"The District Court *cannot*, in the exercise of its discretion, treat as

terclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

2. This Circuit's views as to the proper function of summary judgment have been fully presented in recent cases: Robbins v. Milner Enterprises, Inc., 1960, 5 Cir., 278 F.2d 492; Braniff v. Jackson Avenue-Gretna Ferry, Inc., 1960, 5 Cir., 280 F.2d 523; Stanley v. Guy Scroggins Const. Co., 1961, 5 Cir., 297 F.2d 374, and cases cited. The impropriety of the entry of a summary judgment does not, of course, preclude the later entry of a judgment on a directed verdict after a

full hearing on the merits. Robbins, Braniff, and Stanley, supra.

3. This is not an interlocutory appeal under 28 U.S.C.A. § 1292(b).

4. Cf. United States Plywood Corp. v. Hudson Lumber Co., 1954, 2 Cir., 210 F.2d 462; Seaboard Machinery Corp. of Del. v. Seaboard Machinery Corp., 1959, 2 Cir., 267 F.2d 178.

5. Miss.Code Anno. (Recomp.1942) § 1454. Accord e. g., Crosby Lumber & Mfg. Co. v. Durham, 181 Misc. 559, 179 So. 285, 854; Southern Kraft Corp. v. Parnell, 5 Cir., 65 F.2d 785.

6. There is nothing in Cold Metal Process Co. v. United Engineering & Foundry Co., 1956, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311, which leads us to a contrary decision. The main claim and the counterclaim in that case did not involve the same facts, but merely arose in part out of the same transactions. Nor do we find 6 Moore's Federal Practice, 2nd Ed., pp. 248 et seq. contra. In any event, we would not consider that the trial judge had *discretion* under the facts of this case to enter the certificate and direct entry of the judgment under Rule 54(b).

'final' that which is not 'final' within the meaning of § 1291. But the District Court *may*, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions. The timing of such a release is, with good reason, vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay. With equally good reason, any abuse of that discretion remains reviewable by the Court of Appeals." 351 U.S. at 437, 76 S.Ct. at 900–901, 100 L.Ed. 1297.

In the Cold Metal case, the Court spoke to the particular situation of the present appeal, when, in the context of treating appeals from counterclaims and cross-claims, it said:

"If the District Court certifies a final order on a claim which arises out of the same transaction and occurrence as pending claims, and the Court of Appeals is satisfied that there has been no abuse of discretion, the order is appealable." 351 U.S. at 452, 76 S.Ct. at 908–909, 100 L.Ed. 1311.

My Brothers think that the Cold Metal case is not contrary to their conclusion because, as said in their footnote 6: "The main claim and the counterclaim in that case did not involve the same facts, but merely arose in part out of the same transactions." With deference, I submit that any such distinction is negatived by Mr. Justice Frankfurter, joined by Mr. Justice Harlan, concurring in Sears, Roebuck while dissenting from Cold Metal:

"Count II in Sears, Roebuck & Co. v. Mackey, ante, [351 U.S.] p. 427 [76 S.Ct. p. 895, 100 L.Ed. 1297], is appealable since the transactions and occurrences involved in it do not involve any of those embraced in Counts III and IV. Count I involves at least two transactions which are also the subject matter of Counts III and IV, but is appealable under § 1292(1) as an interlocutory order denying an injunction. In Cold Metal Process Co. v. United Engineering & Foundry Co., post, [351 U.S.] p. 445 [76 S.Ct. p. 904, 100 L.Ed. 1311], the counterclaim, even if not compulsory, is based in substantial part on the transactions involved in the main litigation and hence not appealable." 351 U.S. at 443–444, 76 S.Ct. at 903–904, 100 L.Ed. 1297.

My Brothers do not hold that the district court abused its discretion in releasing for appeal the judgment on the counterclaim. They simply say in their footnote 6: "In any event, we would not consider that the trial judge had discretion under the facts of this case to enter the certificate and direct entry of the judgment under Rule 54(b)." With deference, that seems to me directly contrary to the decisions of the Supreme Court in Sears, Roebuck and Cold Metal, supra. I think that it is contrary, also, to the decisions of this and other courts of appeals,[1] and to the leading text writers.[2]

Clearly, I submit, we cannot say that the district court abused its discretion.

1. See, e. g., Norris Manufacturing Company v. R. E. Darling Co., 4 Cir., 1963, 315 F.2d 633; Kincade v. C & L Rural Electric Cooperative Corp., 5 Cir., 1960, 276 F.2d 929; International Terminal Op. Co. v. Waterman SS. Co., 2 Cir., 1959, 272 F.2d 15; Tompkins Motor Lines v. Georgia Broilers, 5 Cir., 1958, 260 F.2d 830.

2. For example: "Wherever more than one claimant requests relief, as by counterclaim, cross-claim, etc., more than one 'claim for relief' is presented, regardless of the factual similarity of the claims, since the claimants could have enforced their claims separately. The rule, in express terms, contemplates this result, and it is supported by the holding and language of the Cold Metal case." 3 Barron and Holtzoff, Federal Practice and Procedure, p. 28. See also, 6 Moore's Federal Practice, 2nd ed., section 54.35.

It was in better position than are we to judge of the complexity and length of a hearing to determine the amount of damages. The issue of liability is precisely the same now as it will be after the district court has had a hearing and entered judgment for the damages on the original claim.

I respectfully dissent.