Arnold H. ARNOLD, Appellant

v.

UNITED HOME BANK & TRUST CO.

No. 17420.

United States Court of Appeals
Eighth Circuit.

Nov. 5, 1963.

Edward R. Boyle, Clear Lake, Iowa, for appellant.

Bannister, Carpenter, Ahlers & Conney, Des Moines, Iowa, for appellee.

PER CURIAM.

Appeal dismissed on motion of appellant.

---

Mrs. Eloise CARTER, Appellant,

v.

Mrs. Lois CROSWELL, Appellee.

No. 20259.

United States Court of Appeals
Fifth Circuit.

Jan. 2, 1964.

Scott Tennyson, Jackson, Miss., for appellant.

P. H. Eager, Jr., Jackson, Miss., Thomas D. Bourdeaux, Meridian, Miss., for appellee.

Before RIVES, CAMERON and HAYS,* Circuit Judges.

PER CURIAM.

The petition for rehearing in this case informs us that prior to our decision (323 F.2d 696 (5th Cir. 1963)) the claim of the plaintiff was settled. Our decision was based upon the representation that this was a partial appeal, because the issue of damages remained for determination by the district court. However the settlement, of which we were not made aware, left nothing pending in the district court.

We therefore grant the petition for rehearing and withdraw the previous decision. Approaching the case on the merits, we reverse the judgment of the lower court and remand the matter for trial of the issues raised by the counterclaim. Robbins v. Milner Enterprises, Inc., 278 F.2d 492 (5th Cir. 1960); Braniff v. Jackson Avenue-Gretna Ferry, Inc., 280 F.2d 523 (5th Cir. 1960); Stanley v. Guy Scroggins Const. Co., 297 F.2d 374 (5th Cir. 1961).

---

Fred A. CRUZ, Appellant,

v.

George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 20536.

United States Court of Appeals
Fifth Circuit.

Dec. 20, 1963.

Rehearing Denied Jan. 27, 1964.

Will A. Knight, Tyler, Tex., for appellant.

Sam R. Wilson, Atty. Gen., Austin, Tex., for appellee.

Before TUTTLE, Chief Judge, and BROWN and GEWIN, Circuit Judges.

PER CURIAM.

It appearing that the findings of the trial court in its denial of a petition for habeas corpus are not clearly erroneous, the order of the trial court is hereby affirmed.

* Of the Second Circuit, sitting by designation.