**NORRIS MANUFACTURING COMPANY, a corporation of the State of New Jersey, Appellee,**

v.

**R. E. DARLING CO., Inc., a corporation of the State of Maryland, Appellant.**

No. 9699.

United States Court of Appeals Fourth Circuit.

Argued Nov. 4, 1964.

Decided Nov. 9, 1964.

James P. Donovan, Washington, D. C. (Jack H. Olender, Washington, D. C., on brief), for appellant.

Edward F. Shea, Jr., Baltimore, Md., (Joseph Sherbow, Baltimore, Md., on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BRYAN, Circuit Judges.

PER CURIAM:

Subsequent to our disposition of an earlier appeal in this case,* the parties proceeded with the trial of the action filed by Darling against Space Aero Products Co., Inc., Norris Manufacturing Company, and others, in the state court. In the meanwhile, by agreement of counsel, Darling's counterclaim in this case, in which it had asserted the same substantive claim asserted in the state court action, remained in abeyance. The state court trial resulted in an entry of judgment in favor of Darling, including an injunction against the further use by Space Aero of certain drawings and materials found to have been wrongfully obtained. The assessment of damages was reserved for further proceedings.

Under an order of Maryland's Court of Appeals, the state court injunction will become effective and operative during the pendency of an appeal which the

---

* Norris Manufacturing Company v. R. E. Darling Co., Inc., 4 Cir., 315 F.2d 633.

state court defendants have taken, unless a corporate supersedeas bond in the principal sum of $50,000 is deposited.

Representing that such a bond was procurable only if Norris had access to some, or all, of the $50,000 remaining unpaid upon its judgment against Darling, Norris applied to the District Court for a further modification of its earlier order. After a hearing, the District Court ordered the payment by Darling of $37,500, to be used by Norris and Space Aero, together with $12,500 to be supplied by Norris-Space Aero, to obtain a stay pending appeal of the state court injunction. The order contemplates that the $37,500 thus withdrawn and the additional $12,500 will be deposited in the state court under a bond, which, by its terms, will stand as security not only for such damages as may be found to have been incurred pending appeal but for those also which were fully accrued at the time of entry of judgment, and that it will further stand to secure the payment of any final judgment in the state court action in Darling's favor against any one or more of the defendants in the state court action. To the extent that the $50,000, or the bond that those sums procure, should not be required in the satisfaction of any judgment or judgments entered in the state court action, they or it will be returned to the District Court to stand as security for any judgment which may be entered in Darling's favor upon its counterclaim in the District Court.

We find the District Court's resolution of the conflicting interests of the parties and their accommodation will obviate the likelihood of an unnecessary and unreasonable loss by either party and provide reasonable protection for their several rights. It was a proper exercise of its discretion, and the order will be affirmed.

During the oral argument, however, it was pointed out that the District Court's order is not entirely specific as to the terms of the $50,000 bond which the $37,500 to be released by the District Court, in major part, will procure. We will order an immediate remand of this case to the District Court, so that, should any disagreement develop between counsel as to the precise terms of the bond, the District Court may settle the matter upon proper application to it before it releases the funds.

Affirmed.

