**SEMINOLE INDIANS of the State OF FLORIDA**

v.

**The UNITED STATES.**

**Appeal No. 15–72.**

United States Court of Claims.

Jan. 18, 1973.

Charles Bragman, Washington, D. C., attorney of record, for appellant. Roy L. Struble, Miami Beach, Fla., and Effie Knowles, Miami, Fla., of counsel.

Marvin E. Schneck, Washington, D. C., with whom was Asst. Atty. Gen. Kent Frizzell, for appellee.

Before COWEN, Chief Judge, and DAVIS, SKELTON, NICHOLS, KUNZIG and BENNETT, Judges.

## ON APPEAL FROM THE INDIAN CLAIMS COMMISSION

(Appellee's Motion to Dismiss Appeal)

BENNETT, Judge.

This case comes before the court on appellee's motion to dismiss appellant's appeal as untimely. The motion is granted but for reasons different than appellee has suggested. The facts pertinent to the decision follow:

On March 24, 1971, the Indian Claims Commission (ICC) issued an opinion and findings implemented by an order which determined that the appellant's claim in Count I, involving a 5-million-acre parcel

of land known as the Macomb area or "reservation," should be dismissed. The ICC also determined that Count II of the suit which concerned another tract of land, now part of the Everglades National Park, should be scheduled for further hearings to determine the fairness of the consideration given for the land in Count II.

Following this, on August 4, 1971, the appellant filed motions to modify all the findings of fact in the March 24 decision and order, to have the matter reheard, and to amend the petition to conform to the evidence. The ICC did not rule on these motions until May 17, 1972, when it denied the motion to modify the findings of fact and the motion for a rehearing on the grounds they were not timely filed, did not state valid grounds upon which the motion could be considered, and that the March 24 decision was supported by substantial evidence. The motion to amend the petition was likewise denied on the same day.

On August 14, 1972, the appellant appealed to the court the ICC orders denying its motions. In the appeal of the May 17, 1972 orders, the appellant also incorporated an appeal to the March 24, 1971 decision and order. The Government-appellee contends that the March 24 decision and order were final with respect to the dismissal of Count I of the suit; that appellant's motion for rehearing, filed August 4, 1971, was untimely since ICC Rule 33(a), 25 C.F.R. § 503.33 (a) (1971), requires that motions for rehearing be filed within 30 days of the final decision in question, which time limit was not met in this case; and that the filing of the untimely motion for rehearing does not suspend the running of the 3-month period for appeal from the ICC to the Court of Claims. Indian Claims Commission Act of August 13, 1946, ch. 959, § 20(b), 60 Stat. 1049, 1054; 25 U.S.C. §§ 70, 70s(b); Ct.Cl. Rule 171(a). Thus, appellant's appeal of August 14, 1972, was too late to act as an appeal of the March 24, 1971 decision and order. The Government's contentions have a surface validity when looking only at the statutes and the dates involved. However, the appellant contends that the March 24, 1971 determination with respect to Count I was not final and therefore the application of the time limits governing motions for rehearing and notices of appeal would be improper in this case since those time periods begin to run only from the time a final decision is filed. Standing alone, appellant's argument on this point has merit.

The issue of what constitutes a final decision within the context of the Indian Claims Commission Act, *supra*, was fully discussed by this court in Caddo Tribe of Okla. v. United States, 155 F.Supp. 727, 140 Ct.Cl. 63 (1957). In *Caddo*, the court concluded that the ICC Act did not define finality explicitly; therefore, the court applied the definitional rules that had grown up around 28 U.S.C. § 1291, the statute which confers appellate jurisdiction on the United States Courts of Appeals. The ICC Act has not been modified in this respect since the *Caddo* decision was handed down; therefore its analysis is applicable to the issue in this case.

The rule of finality which existed prior to the adoption of the Federal Rules of Civil Procedure with respect to actions involving several distinct claims was that a decision with respect to one or more, but not all of the claims, was not final until the entire lawsuit had been decided. See discussion in Sears, Roebock & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956), and cases cited therein. Since the present case, like many of the suits brought before the ICC, involves several distinct claims, Federal Rule of Civil Procedure 54(b) dealing with the finality of decisions in suits involving multiple claims is pertinent. FRCP 54(b), as amended December 27, 1946, changed the old rule. A District Court judge can now certify that a final decision has been made with respect to one or more of the claims in the lawsuit and that there is "no just reason for delay" in proceeding with possible appeals or implementation. By following this procedure, a decision that would other-

wise be classified as interlocutory will be deemed final if it otherwise meets the requirements in the rule.

It should be recognized, however, that Rule 54(b) is not a part of the rules which explicitly govern actions before the ICC. Likewise, Rule 54(b) is not mandatory where superseding statutory provisions exist. As mentioned before, however, neither the ICC Act nor its governing rules provide adequate guidelines on this issue. Recognizing this fact, the court in Caddo Tribe of Okla. v. United States, *supra*, stated: "While the Commission has no such rule as 54(b) of the Federal Rules, we can think of no reason why it should not issue such a rule since its application in a proper case would not be contrary to any provision of the Indian Claims Commission Act." 155 F.Supp. at 736, 140 Ct.Cl. at 78. The court in *Caddo* noted that in the case of the Blackfeet & Gros Ventre Tribes v. United States, 119 F.Supp. 161, 127 Ct.Cl. 807, cert. denied, 348 U.S. 835, 75 S.Ct. 58, 99 L.Ed. 658 (1954), the Commission had, in fact, followed Rule 54(b) by certifying the finality of a decision dismissing one of the four claims raised by the appellant. The rule was not followed in this case in the March 24, 1971 order dismissing Count I of appellant's claim. As a result, this order would not be considered final under either the pre-Federal Rules standard or the more liberal Rule 54(b) standard. Sears, Roebuck & Co. v. Mackey, *supra*; Cold Metal Process Co. v. United Eng'r & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956); Norris Mfg. Co. v. R. E. Darling Co., 315 F.2d 633 (4th Cir. 1963); Bowling Machs., Inc. v. First Nat'l Bank, 283 F.2d 39 (1st Cir. 1960). Thus, unless Indian claims present some unique situation contrary to what this court said in *Caddo*, there appears to be no reason why the decision entered by the ICC on March 24, 1971, should be deemed final. The rule provides a clear-cut, easily administered method of determining the finality of a decision which aids both the court and the litigating parties. The Government argues that in the light of the normal extended length of Indian litigation, the adoption of this view would serve to delay, for many years, the right to appeal early decisions made on portions of suits involving multiple claims. This is just not so. Any decision which qualifies under Rule 54(b) may be made final by the ICC by simply including the proper certification as it did in Blackfeet & Gros Ventre Tribes v. United States, *supra*, as far back as 1954.

It should likewise be pointed out that the March 24 decision does not fit the traditional exception to the finality rule which was described in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), as "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." The case at hand involves the dismissal of one of two distinct claims. The rights involved will not be irreparably lost as in *Cohen* where the appeal was from a decision of the trial court not to require plaintiff to put up a security deposit to cover the costs of litigation. Nor is this case comparable to Billie v. Seminole Indians, 146 F.Supp. 459, 137 Ct.Cl. 161 (1956), cert. denied, 355 U.S. 843, 78 S.Ct. 66, 2 L.Ed.2d 52 (1957), in which the *Cohen* rule was cited and followed with respect to a decision by the ICC dismissing an intervenor's petition. Appellant's rights with respect to the decision of March 24 will not be lost if an appeal is delayed. It is even unlikely that appellant would be significantly inconvenienced. Therefore the *Cohen* exception appears inapplicable to this case, and does not change the finding that the order of March 24, 1971, was not final.

Based on the preceding discussion, it should be clear that appellant's appeal of the March 24, 1971 determination is improper since that decision is not yet final. The case, however, requires fur-

ther examination since the appellant's appeal also encompassed an appeal of the May 17, 1972 order which is likewise covered by the appellee's motion to dismiss. The issue is whether the appellant may appeal the May 17 order denying a rehearing of the March 24, 1971 determination.

In Pfister v. Northern Ill. Finance Corp., 317 U.S. 144, 149–150, 63 S.Ct. 133, 137, 87 L.Ed. 146 (1942), the Supreme Court stated: "An appeal does not lie from the denial of a petition for rehearing." Motions for rehearing are addressed to the discretion of the trier of fact and an appeal from a decision which was sought to be reheard does not lie from the denial of the motion for rehearing but should be directed to the decision itself. Gersing v. Chafitz, 77 U.S.App.D.C. 38, 133 F.2d 384 (1942). In the case at hand, the May 17, 1972 order dismissing appellant's motion for rehearing was based on three grounds, as noted above. The ground that it was untimely, while in error if the March 24, 1971 order is viewed as interlocutory, is only one of the bases for dismissal.[1] At the same time, the appellant bases its appeal of the May 17, 1972 order on alleged errors made by the Commission in rendering the March 24, 1971 decision rather than showing how the ICC had abused its discretion in issuing the May 17 order. The appellant is using an appeal from the May 17, 1972 order as a vehicle for obtaining review of the substantive decision on liability made on March 24, 1971. This is not proper. Since the decision whether or not to grant the rehearing was within the discretion of the trier of fact and appellant has not shown how this discretion was abused by the ICC, its May 17, 1972 order should stand.

With this in mind, the appellee's motion to dismiss appellant's appeal of the May 17, 1972 order is granted. This is done recognizing that the appeal as aimed at the May 17, 1972 order itself is dismissed, since appellant has shown no abuse of discretion on the part of the ICC; and as aimed at the March 24, 1971 order, the appeal is not properly taken, since the order dismissing Count I is not yet final and appealable. Proper appeal of the March 24, 1971 order should be taken from that order itself at the time it becomes final, either when the entire case is disposed of or earlier if the ICC certifies the decision as final within the requirement of FRCP 54(b).[2]

Appellee's motion to dismiss the appeal is granted.

---

1. The language of 25 C.F.R. § 503.33(a) (1971) required that motions for rehearing be filed within 30 days "from the time the *final determination* of the Commission is filed with the Clerk." [Emphasis supplied.] The language, as amended, 37 Fed.Reg. 21939 (1972), now reads: "Motions for a rehearing shall be filed within 30 days from the time the Commission's aforesaid *conclusions on its findings of fact* are filed with the Clerk." [Emphasis supplied.] Under this new language, the appellant might have missed the chance to ask for a rehearing of the March 24, 1971 order even though it was not "final" for the purposes of appeal, since it had not asked for a rehearing within 30 days of the order giving its "conclusions on its findings of fact."

2. It should be pointed out that were this suit to involve a claim in which appellant in fact obtained a recovery but still wished to appeal the decision, the definition of finality described in FRCP 54(b) would be subservient to the language in §§ 21, 22, Indian Claims Commission Act, 60 Stat. 1055, 25 U.S.C. §§ 70t, 70u, giving any report of the ICC to Congress concerning a plaintiff's entitlement to recover "the effect of a final judgment of the Court of Claims." Since no reports are issued to Congress when a plaintiff's claim is dismissed, the rule of finality described in 54(b) must be relied upon in this case.