On June 20,1975 the court issued the following order:
Before Skelton, Judge, Presiding, Kunzig and Bennett, Judges.
*969 “In this case the Government has filed a motion for a stay of proceedings relating to count 9 of Docket 196, Hopi Tribe v. United States, before the Indian Claims Commission during the pendency of the present appeal. The only question before us is whether or not to issue such a stay of proceedings. The essential facts are stated briefly as follows:
“On June 29, 1910, the Commission entered an order determining the issue of aboriginal title to land claimed by the Hopis and dates of extinguishment thereof, 23 Ind. Cl. Comm. 277 (1970). On April 23,1974, the Hopi Tribe filed a notice of appeal to this court from the decision of the Commission of June 29, 1970, and such appeal was docketed in this court as Appeal No. 13-74, which is the present case.
“After the filing of the appeal here, the Commission entered an order on March 13, 1975, directed to count 9 of Docket 196, the general accounting claim of the Hopi Tribe, requiring the tribe, to file a more definite statement of its exceptions to the Government’s accounting report and alleg--ing with particularity the wrongful acts that the tribe alleged occurred before August 13, 1946, and continued thereafter. The tribe was originally required to file this more definite statement by July 1, 1974, but this time limit was extended by the above order of March 13,1975, whereby the tribe was allowed to file a statement out of time and the Government was ordered to respond to the same within 60 days from the date of the order.
“The Government opposed the motion of the tribe for leave to file out of time contending that the Commission lacked jurisdiction over Docket 196 once the appeal had been taken to this court. The Government contended before the Commission that the issues on appeal to the Court of Claims had a direct interrelationship with the accounting claim in Docket 196 upon which the Commission and the tribe proposed to proceed before the Commission during the pendency of the present appeal. The Government also requested a stay of proceedings before the Commission because of the interrelationship of the present appeal to the tribe’s general accounting claim. The Commission denied the motion to stay proceedings and the Government now requests this court to issue an order staying the proceedings *970 before the Commission pending the disposition of the present appeal.
“It should be noted that the Commission has not entered an order severing count 9, the general accounting claim of the tribe from the other claims contained in the original petition in Docket 196.
“The Government points out that in count 9 the TIopi Tribe is seeking, among other things, an accounting for rights of way, revenues received through leasing, mining, and other transactions producing funds and it seeks such accounting beyond the jurisdictional date of August 13,1946. If in the present appeal the Commission’s determination that the tribe’s title to Area B was extinguished on June 2, 1937, is affirmed, the United States would not have to account for such lands after that date. On the other hand, if the Commission is not so affirmed, the extent of the accounting will be a complicated problem. Until the land area of the Hopi Tribe and the dates of extinguishment of title are finally determined, it will not be possible for the Government to render an accurate accounting and there will be a lot of wasted effort by all parties as well as by the Commission. Therefore, it appears that the Government’s contention that the present appeal does raise questions going to the merits of the tribe’s general accounting claim so that count 9 pertaining thereto is not an independent action within the jurisdiction of the Commission.
“Accordingly, it appears that the Commission is without jurisdiction to proceed further in the case until the present appeal is disposed of. Even if it would be assumed that the Commission has jurisdiction to proceed with the general accounting claim, the interrelationship and interdependency of the general accounting claim and the issue involved in the present appeal requires that we issue an order to the Commission staying further proceedings before it on the accounting claim until the present appeal is disposed of.
“The rules of the Court of Claims do not provide a specific way to stay proceedings before the Indian Claims Commission, however, Eules 8(a) and 18 of the Federal Eules of Appellate Procedure can be applied in granting such a stay of proceedings. See Seminole Indians v. United States, 200 *971 Ct. Cl. 417, 421-22, 471 F.2d 614, 616 (1973). Also see 5 U.S.C. § 705 (1970) and notes of the Advisory Committee on Appellate Rules with reference to Rule 18 regarding the question of stays of agency action issued by appellate courts. It appears that the Government has complied with Rules 8(a) and 18 aforesaid by first asking for a stay before the Commission which was denied and now moves for such a stay in this court.
“Accordingly, we hereby issue a stay order requiring the Indian Claims Commission to stay all proceedings relating to count 9 of Docket 196 until the present appeal is disposed of by this court.”
On March 26, 1976 sis active judges of the court denied appellant’s suggestion for rehearing en banc, and the panel consisting of Skelton, Nichols and Bennett, Judges, denied appellant’s motion for rehearing.