## NACHTMAN v. CRUCIBLE STEEL CO. OF AMERICA.

### No. 9533.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 15, 1947.

Decided Jan. 28, 1948.

Rehearing Denied Feb. 24, 1948.

---

Raymond J. McElhannon, of New York City (McCarter, English & Studer and James R. E. Ozias, all of Newark, N. J., on the brief), for defendant-appellant.

Ella Graubart, of Pittsburgh, Pa., for appellee.

Before GOODRICH, McLAUGHLIN and O'CONNELL, Circuit Judges.

O'CONNELL, Circuit Judge.

The narrow issue which we are called upon to decide is whether an order dismissing defendant's counterclaim and amended counterclaim "on the merits with prejudice" may be appealed separately, or whether such appeal must await adjudication of the claim asserted in plaintiff's complaint. If the counterclaim and amended counterclaim are "compulsory" within the meaning of Rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, plaintiff's motion to dismiss defendant's appeal must be granted; if the counterclaim and amended counterclaim are merely "permissive," Rule 13(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, plaintiff's motion must be denied. The pertinent provisions are set forth in the footnote below.[1]

Plaintiff sought issuance of a patent for an apparatus and process for fusing and brightening tin metal strip. The Board of Interference Examiners held that plaintiff was not the prior inventor. Plaintiff then filed the instant bill in equity under R.S. § 4915, 35 U.S.C.A. § 63.

Defendant's answer, in addition to denying material allegations of the complaint, set forth a counterclaim, which was later supplemented by an "amended and second counterclaim." The counterclaim effectually alleged that, during his employment by defendant, plaintiff, using confidential information which he had gained from agents of defendant, had applied for and procured patents; and, inter alia, requested that plaintiff be enjoined from exercising any rights under those patents.

Plaintiff thereupon moved for summary judgment on the counterclaims under the provisions of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that defendant had executed a general release of all claims it had against plaintiff at the termination of plaintiff's employment by defendant. The court below, after examining affidavits submitted in connection with the motion for summary judgment, and after hearing oral argument, held that there was no genuine issue as to material facts and that plaintiff was entitled to summary judgment on the counterclaims as a matter of law. It is from the order entered pursuant to that decision that defendant has appealed.

Defendant concedes that, as to the injunction sought, since its appeal was filed more than 30 days after the lower court had entered the order, this court would have no jurisdiction under Section 129 of the Judicial Code, 28 U.S.C.A. § 227. George v. Victor Talking Mach. Co., 1934, 293 U.S. 377, 55 S.Ct. 229, 79 L.Ed. 439; Bowles v. Rice, 6 Cir., 1946, 152 F.2d 543. We need only decide, therefore, whether or not the counterclaims arise out of the "transaction

---

[1] "Rule 13. Counterclaim and Cross-Claim.

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

"(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." 28 U.S.C.A. following section 723c.

or occurrence that is the subject matter" of plaintiff's claim.

We note both that defendant couched the counterclaims partially in the language of Rule 13(a) and that plaintiff's reply to the first counterclaim denied that the counterclaim was compulsory. Since each of the litigants is now urging a result opposite to that asserted in his pleadings, it is clear that the pleadings can be of little help in determining the question here presented.

Our examination of the record and consideration of the oral argument, however, persuades us that the question sub judice is analogous to those which confronted the United States Circuit Court of Appeals for the Second Circuit in Audi Vision, Inc., v. R. C. A. Mfg. Co., 1943, 136 F.2d 621, 147 A.L.R. 574; Lesnik v. Public Industrial Corp., 1944, 144 F.2d 968, 975; Libbey-Owens-Ford Glass Co. v. Sylvania Indust. Corp., 1946, 154 F.2d 814, certiorari denied, 1946, 328 U.S. 859, 66 S.Ct. 1353, 90 L.Ed. 1630; and see Clark v. Taylor, 1947, 163 F.2d 940, 942, in which it was said, " * * * But as has often been stressed, no complete identity of facts can be required or else every claim by different persons or dealing with differing steps in a litigation will always involve a different 'cause of action.' *The theory adopted in the new rules,* inclu**d**ing the pertinent rule here, * * * *has been that the 'transaction' or 'occurrence' is the subject matter of a claim, rather than the legal rights arising therefrom;* additions to or subtractions from the central core of fact do not change this substantial identity so as to support piecemeal appeals." (Emphasis supplied.) In the case at bar, it is obvious that the claims of the litigants all stem from the basic fact that plaintiff, while in defendant's employ, asserted the right of invention in a general field to which defendant, through its agents and assignors, also claims priority. Defendant maintains that one of the patents, 2,-266,330, teaches a process for adherently electrocoating cold rolled steel strip with tin, while the instant complaint seeks a patent on brightening apparatus; but, even though there be points of dissimilarity between the two processes, it cannot be gainsaid that the trial involv**i**ng those processes would develop very similar testimony and

present substantially the same issues of fact and of law. Cf. Audi Vision, Inc., v. R. C. A. Mfg. Co., supra, 136 F.2d at pages 624, 625; and see Big Cola Corporation v. World Bottling Co., 6 Cir., 1943, 134 F.2d 718, 723.

In holding the counterclaims to be compulsory, we have given due consideration to the possibility that, dependent upon the final judgment rendered in the court below, we may later have occasion to review the counterclaims on the merits. See Audi Vision, Inc. v. R. C. A. Mfg. Co., supra, 136 F.2d at page 624. It may be that the limiting of piecemeal appeals may tend in individual cases to impose some hardship on a litigant and, perhaps, prolong litigation; but we believe the reasoning of the Lesnik and Audi Vision cases, supra, in explaining the basis and operation of Rule 13(a), needs no further elaboration.

The motion to dismiss defendant's appeal, on the ground that the order of the court below is not a "final order" within the meaning of Section 128 of the Judicial Code, 28 U.S.C.A. § 255, will therefore be granted.