No. 40,666

EDWIN STEWART and R. A. CASAD, *Appellees*, v. THE STATE CORPO-
RATION COMMISSION, THE WOODSTON MUTUAL TELEPHONE COM-
PANY and SOUTHWESTERN BELL TELEPHONE COMPANY, *Appellants*.

(313 P. 2d 749)

Opinion filed July 18, 1957.

*Clyde E. Milligan*, General Counsel, and *Hollis B. Logan*, Assistant General
Counsel, argued the cause and were on the briefs for the State Corporation
Commission, appellant; *William A. Gray*, of Topeka, was on the briefs for
Southwestern Bell Telephone Company, appellant, and *Ward D. Martin*, of
Topeka, was on the briefs for The Woodston Mutual Telephone Company,
appellant.

*Robert Osborn*, of Stockton, argued the cause, and *D. A. Hindman*, of
Stockton, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This case arises out of a dispute concerning jurisdiction
of the district court to review an order of the State Corporation Com-
mission involving telephone service.

The appeal is from an order overruling the Commission's motion
for judgment on the pleadings and record.

In view of the disposition being made of the case, reference will

be made only to such portions of a very meager and sketchy record as are sufficient to show the basis of our decision.

For a number of years telephone patrons in the Stockton-Woodston area had been served by both the Stockton and Woodston exchanges. A controversy arose because of the installation of a new type of service in the Stockton exchange. Two of the patrons, Stewart and Casad, filed an application with the Commission seeking to have the dual service continued or, if such be denied, a proper division of the territory after an investigation and hearing by the Commission.

The Woodston Mutual Telephone Company and the Southwestern Bell Telephone Company filed a joint application seeking authority to discontinue the furnishing of dual service. The two applications were consolidated for hearing, and on October 28, 1954, the Commission entered an order to the effect that the patrons were not entitled to receive service from both the Stockton and Woodston exchanges, and that residents of a certain area were to receive their service from the Stockton exchange, and that certain other residents were to be served through the Woodston exchange.

In compliance with G. S. 1949, 66-118b, complainants Stewart and Casad moved for a rehearing. This motion was denied by the Commission and they appealed to the district court.

The court upheld the finding of the Commission that the patrons involved were not entitled to receive telephone service from both the Stockton and Woodston exchanges, but further held that it was the duty of the Commission to review the facts in regard to the division of the territory between the two companies, and to specifically find whether such division was to the welfare of the public.

In harmony with this finding the court ordered the case remanded to the Commission "for an additional order fixing the boundary between the Woodston Mutual Telephone Company and the Southwestern Bell Telephone Company, . . ."

Pursuant to this ruling by the court, the Commission held a further hearing on the question of fixing the boundary between the two exchanges and determined it to be in accordance with a former order entered in 1950 in a related matter.

Complainants, being dissatisfied with this order, filed a motion for rehearing, but it is conceded it was not filed within the ten-day period provided by G. S. 1949, 66-118b. This motion was denied by the Commission, whereupon complainants filed a motion with the district court alleging that the action of the Commission was unlaw-

ful and unreasonable, and was not in compliance with the previous order of the court remanding the matter for further hearing.

When this motion was called for hearing the Commission moved for judgment on the pleadings and record, its theory being that in view of the court's prior ruling upholding the Commission's order discontinuing the dual service, and inasmuch as complainants failed to file a motion for rehearing on the boundary matter within time, the court was precluded from reviewing the order fixing the boundary, thus leaving nothing for consideration.

As heretofore stated, this motion for judgment on the pleadings and record was overruled, and the Commission and the two companies have appealed.

At the outset we are confronted with the question whether the ruling is appealable, and, in this connection, it has been held many times that it is the duty of this court, on its own motion, to raise the question of its jurisdiction to entertain an appeal. (*Willey v. Gas Service Co.*, 177 Kan. 615, 281 P. 2d 1092, and cases cited.)

Here the appeal is from an order *overruling* a motion for judgment on the pleadings and the record. The rule is well established that such an order is not a final order and is therefore not appealable *except* where the motion can be said to be the equivalent of a demurrer, and that where issuable facts are joined by the pleadings the motion is not the equivalent of a demurrer and an order overruling it is not appealable. (*Edwards v. Solar Oil Corp.*, 178 Kan. 218, 284 P. 2d 589, and cases cited.)

Applying the rule to the record before us, what do we find?

There were two matters originally before the Commission—one concerned the furnishing of dual service to the patrons involved, and the other related to the fixing of a proper boundary if such service be discontinued. Dual service was ordered discontinued, and this order was upheld by the court. The matter was remanded to the Commission, however, for further proceedings on the boundary question. A further hearing was held and an order entered fixing the boundary. Complainants' application for a rehearing as to this further order was not filed in time and was overruled. The Commission therefore contends the district court had no jurisdiction to review the boundary order, and, having previously upheld the order relating to the discontinuance of dual service, no controversy remained before the court, there were no issuable facts to be determined and therefore the motion for judgment on the pleadings

and record was the equivalent of a demurrer, and the order overruling it is appealable.

In so contending we believe the Commission is in error.

The matter really narrows down to this question:

When, in the hearing of an appeal from an order of the Commission, the district court remands the matter to the Commission for further proceedings under the provisions of G. S. 1949, 66-118f, and the Commission, in compliance therewith, conducts further proceedings and enters an order pursuant thereto, is it required that an application for rehearing be filed in order to clothe the district court with jurisdiction to review the action of the Commission *on the matter so remanded?*

In our opinion an application for rehearing under such circumstances is not required.

G. S. 1949, 66-118b, provides that any party who is dissatisfied with any order or decision of the Commission may, within ten days from the date of the service of such order or decision, make application for a rehearing in respect to any matter determined therein, and that no cause of action arising out of any order or decision of the Commission shall accrue in any court to any party unless such party shall make application for a rehearing as therein provided. In other words, the filing of an application for rehearing is made a condition precedent to an appeal to the district court.

G. S. 1949, 66-118c, concerns the steps to be taken by the party appealing.

G. S. 1949, 66-118d, provides that upon receipt from the clerk of the district court of a certified copy of the application for review the secretary of the Commission shall forthwith transmit to such clerk a certified transcript of the proceedings had before the Commission.

G. S. 1949, 66-118f, provides that under circumstances enumerated therein the court may, in its discretion, stay the proceedings and order the Commission to proceed further, and that following such further proceedings before the Commission a transcript of the additional evidence and the order or decision of the Commission shall be certified and forwarded to the clerk of the district court, whereupon the court shall, on motion of any interested party, order the trial to proceed upon the transcript as supplemented, so as to enable the court to properly determine if the order or decision as

originally made, or as modified, is in any respect unlawful or unreasonable.

In other words, G. S. 1949, 66-118f, provides a complete procedure for remanding a matter to the Commission after appeal to the district court, and for review of the action of the Commission after that body has acted on the matter so remanded. There is nothing in the statute which makes the filing of an application for rehearing a condition precedent to a review of the proceedings *on the matter so remanded,* and we know of no decision of this court which makes it so.

We therefore have this situation:

On the record there still are facts in controversy. The issue of the unlawfulness or unreasonableness of the order of the Commission with respect to the boundary question is still before the court. That being the case, the motion for judgment on the pleadings and record cannot be said to be the equivalent of a demurrer. The order overruling the motion did not have the effect of terminating the action or foreclosing the parties from thereafter litigating the matter in controversy. It merely had the effect of postponing final determination until after the trial court had been afforded an opportunity to proceed with and dispose of the question involved upon its merits. The order overruling the motion was in no sense a final order and is not appealable.

The appeal is therefore dismissed.