SEABOARD MACHINERY CORPORA-
TION (of Delaware) et al., Plaintiffs-
Appellees,

v.

SEABOARD MACHINERY CORPORA-
TION (of New Jersey) et al.,
Defendants-Appellants.

No. 30, Docket 24843.

United States Court of Appeals
Second Circuit.

Argued May 6, 1959.

Decided May 26, 1959.

Before CLARK, Chief Judge, and L. HAND and WATERMAN, Circuit Judges.

PER CURIAM.

In this action the district judge, after trial and verdict, has given judgment for the plaintiffs on two counts of the complaint, and dismissed another, while he has retained four counts and a counterclaim for later trial. He has made a finding that there is no just reason for delay, and has directed final judgment on the three counts upon which he has acted. This provides the formal basis for immediate appeal under F.R. 54(b) as amended, and defendants accordingly have appealed the judgment entered against them. Nevertheless it is well settled that the rule is available only in case of multiple claims; and if only a single claim (in the sense of the old "cause of action") is presented, it is our duty to dismiss the appeal as premature. See, e. g., Schwartz v. Eaton, 2 Cir., 264 F.2d 195, and cases collected at page 197.

We are constrained to conclude that but a single claim is here presented. All the counts—and the counterclaim as well—arise out of a single contract, that of June 12, 1951, whereby the defendant New Jersey corporation sold all of its business and assets to the plaintiff Delaware corporation. The plaintiffs claim fraud and breach of warranty in their purchase, and each count sets forth some aspect of this over-all claim. Thus the first count alleges concealment of the de-

fendant corporation's liabilities, the second count nondisclosure of contingent liabilities, the third count misrepresentation of tangible and intangible assets, the fourth count misrepresentation of plant facilities, the fifth count misrepresentation of executory contracts, the sixth count (which was dismissed) a breach of an agreement not to carry on a competing business, and the seventh count a claim for certain stock of the plaintiff corporation deposited to secure performance of the agreement. The counterclaim sought judgment upon the notes given in payment of the purchase price. Separate amounts of damages were claimed for each count of the complaint; and in some, but not all, one Gallagher, the principal stockholder who acted for the defendant corporation, was included as a party defendant. But this does not qualify or destroy the essential unity of the claim. The appeal must therefore be dismissed.

This renders moot so far as this appeal is concerned the claim by the plaintiffs for an increase in the judgment rendered in their favor, notwithstanding their failure to cross-appeal and cases such as Adler v. Klawans, 2 Cir., 267 F.2d 840.

Appeal dismissed.