No. 47,639

Edwin R. Stock and Gladys L. Stock, *Appellants,* v. Albert H. Nordhus, *Appellee.*

(533 P. 2d 1324)

Opinion filed April 5, 1975.

*Fred W. Phelps,* of Topeka, was on the brief for the appellants.

*Edward F. Wiegers,* of Galloway, Wiegers, Sprouse and Heeney, of Marysville, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: This litigation initially involved disputes between owners of farm land and their tenant arising during the crop years of 1971 and 1972.

The plaintiff landowners, Edwin R. and Gladys L. Stock, fired the first barrage in this forensic battle by filing their petition against the defendant tenant, Albert H. Nordhus, on February 9, 1973. In the first count of their petition plaintiffs sought an accounting for grain harvested during 1971 under a farm lease agreement for that year. In a second count plaintiffs asked for reasonable rent for the premises during 1971 in the sum of $8,000 and $6,500 damages for mental and physical anguish caused by defendant's failure to deliver their share of the crop pursuant to the lease.

On March 15, 1973, defendant responded with the filing of an instrument denominated answer and counterclaim. The answer contained a general denial and an allegation that defendant had complied with the lease agreement and had fully accounted for grain harvested during the 1971 crop year. Defendant's counterclaim sought $1,500 allegedly due him by reason of plaintiff's fail-

ure to pay him their proportionate share (40%) of the fertilizer, chemical and spray expense for the crop year of 1972; he also sought $5,000 actual and $50,000 punitive damages by reason of mental anguish and embarrassment resulting from the false statements made against him in plaintiffs' petition.

On March 20, 1973, plaintiffs filed their answer to defendant's counterclaim, which was simply a general denial of defendant's claim.

On August 30, 1973, plaintiffs' then attorney, Larry McGrath, filed a motion to withdraw as counsel, which, after hearing, was granted. Subsequently Fred W. Phelps entered the case as plaintiffs' counsel. On December 24, 1973, plaintiffs moved for summary judgment on defendant's counterclaim. This motion was temporarily denied May 3, 1974. At the same time plaintiffs asked and received permission to file an amended answer to defendant's counterclaim. On May 6, 1974, plaintiffs filed their amended answer. Included in it was a counterclaim to defendant's counterclaim, the new counterclaim being based upon plaintiffs' allegation defendant was a trespasser on their land during the 1972 crop year, for which plaintiffs sought $10,000 actual and $25,000 punitive damages.

Defendant promptly countered May 9, 1974, by filing his motion to strike plaintiffs' counterclaim. The trial court concluded plaintiffs' counterclaim was available and could have been included either in their petition or their answer to defendant's counterclaim filed more than a year previously and it sustained this motion and dismissed that part of the proceeding. Plaintiffs have appealed from that order dismissing their counterclaim to defendant's claim arising out of his occupancy of the land in 1972.

On November 7, 1974, Mr. Phelps was permitted by the trial court to withdraw as counsel for plaintiff-appellants and on January 16, 1975, upon application duly made, this court granted similar withdrawal. Later appellants personally notified this court they desired to have their case submitted on the record and brief already filed. At oral argument of the appeal counsel for appellee advised this court that all claims between the parties had been disposed of except appellee's claim for the crop expense for the year 1972 and appellants' counterclaim.

Prior to consideration of the appeal on its merits a threshold question presents itself—the appealability of an order dismissing a counterclaim—one we have had no occasion to consider directly under our present procedural code.

K. S. A. 60-2102 (*a*) (4) provides that the appellate jurisdiction of this court may be invoked as a matter of right by appeal from a "final decision in any action. . . ", and further that in any appeal from a final decision any act or ruling from the beginning of the proceedings shall be reviewable. In *Connell v. State Highway Commission*, 192 Kan. 371, 388 P. 2d 637, we discussed the policy enunciated in the foregoing provision, saying:

"The policy of the new code leaves no place for intermediate and piecemeal appeals which tend to extend and prolong litigation. Its purpose is to secure the just, speedy and inexpensive determination of every action." (p. 374.)

Further, this was stated:

"The word [final] is to be given its ordinary meaning. A judgment or an order is to be considered as final if all the issues in the case are determined, not just part of the issues. The last sentence of the paragraph quoted above [60-2102 (*a*) (4)] protects the right to have a review of interlocutory or intermediate orders on appeal from the final determination of the case." (p. 374.)

The question is whether the order appealed from is a "final decision" in the sense it disposes of all issues in the case. We think it is not.

First of all, the parties agree, and correctly so, that the matter asserted by appellants in their answer and counterclaim constitutes a compulsory counterclaim. It arises out of the same transaction as does the claim of appellee. Appellee sought damages growing out of his occupancy of appellants' land in 1972—appellants' claimed damages arose from the same occupancy. The significance here of a counterclaim being compulsory, rather than merely permissive, is that it has been held the failure to plead it in response to a claim bars a party from later bringing an independent action on the claim (6 Wright & Miller, Federal Practice and Procedure: Civil § 1417). This well-established principle derives primarily from federal rule 13 (*a*) which is identical to our provision for the pleading of compulsory counterclaims, K. S. A. 60-213 (*a*). In 6 Wright & Miller, supra, § 1408, under the heading "Appealability of Rule 13 Claims", this discussion appears:

"In general, the dismissal of either a compulsory or permissive counterclaim or a cross-claim, or the refusal to dismiss one of these claims is interlocutory and cannot be appealed in advance of the final judgment in the main action. . . .

"Under Rule 54 (*b*), the court can enter a final judgment on a counterclaim or cross-claim if it determines that 'there is no just reason for delay and upon an express direction for the entry of judgment' and that order will be appealable.

Similarly, once the main claim has been adjudicated and a final order has been entered an appeal may be taken on the Rule 13 claim.

"A few federal courts have held that when the district court enters a judgment under Rule 54 (*b*) on a compulsory counterclaim the appellate court must look behind that judgment to determine if there actually has been a final adjudication of the claim between the parties; if not, the appeal must be dismissed. This strict adherence to the 'final judgment rule' is supported by the general practice of treating the original claim and any compulsory counterclaims asserted under Rule 13 (*a*) as one unit. Moreover, at least one court has pointed out that because a compulsory counterclaim arises out of the same transaction or occurrence as the main claim by definition there is a close relationship between the two, so that if the final judgment in the main action is subsequently appealed, the court may be required to review the disposition of the compulsory counterclaim as well. In light of this possibility, it may be in the interests of judicial economy to await the final adjudication of the entire action before allowing a compulsory counterclaim to be appealed. . . ." (pp. 33-35.)

The rationale of the many federal cases in support of the rule that dismissal of a compulsory counterclaim is an interlocutory matter and not an appealable order as of right is that since such a counterclaim arises from the same occurrence or transaction as the main action the appeal should await determination of the main action and thereby avoid piecemeal and fragmentary disposal of a matter (see *Audi Vision Inc. v. RCA Mfg. Co.*, 136 F. 2d 621; *Toomey v. Toomey*, 149 F. 2d 19; *Nachtman v. Crucible Steel Co. of America*, 165 F. 2d 997, and cases cited therein). Traditionally, we have followed interpretation of federal procedural rules after which our own have been patterned. We see no reason to depart here from that view where our own policy is to avoid piecemeal appeals (*Connell v. State Highway Commission*, supra). Accordingly, our general holding is that an order dismissing a compulsory counterclaim is interlocutory and not a final decision which can be appealed as of right in advance of the final judgment in the main action.

As indicated, appellee's claim is premised on some sort of consensual occupancy or use of the farm land in question while appellants' counterclaim was premised on trespass on the land by appellee. Dismissal of the latter did not finally settle the issue; hence the appeal here should be dismissed.

In ordering dismissal we are not unaware of the possibility that, dependent upon the final judgment rendered in the trial court, we may have occasion later to deal with the counterclaim, even to the extent of reviewing it on the merits. Being interlocutory in nature

the trial court has authority to reconsider and change the order dismissing appellants' counterclaim as the ends of justice may indicate in the final determination of the action between the parties. Despite the possibility of another appeal with consequent hardship in this particular case we believe the rationale expressed for not entertaining an appeal from a dismissal of a compulsory counterclaim is sound. In *Audi Vision Inc. v. RCA Mfg. Co.,* supra, Circuit Judge Charles E. Clark, an eminent procedural scholar, elaborated the point thus:

"Interlocutory appeals in cases other than those provided by statute at times seem appealing as affording opportunity for the quick correction of errors which may have occurred in the course of the proceedings below. And since any general rule is always subject to exceptions, undoubtedly there will be times when in the actual posture of a case a short-cut ruling may be helpful. But there seems no question that in the long run fragmentary disposal of what is essentially one matter is unfortunate not merely for the waste of time and expense caused the parties and the courts, but because of the mischance of differing dispositions of what is essentially a single controlling issue. Moreover, as experience under certain practices permitting such appeals shows, there is an unfortunate tendency under such a system to stress decisions on pure points of procedure in the hope that these may shorten or evade a trial, but with the unfortunate consequence of shifting emphasis from merits to form. In fact, the inducement to interlocutory appeals often appears to come from an attempt of a trial court to press the abbreviation of a lawsuit beyond what is really feasible. If such abbreviation is denied, it seems clear that appeal does not lie [citations] and the same result must follow its grant where this does not settle all matters arising out of a single transaction or occurrence." (pp. 624-625.)

The appeal is dismissed.

APPROVED BY THE COURT.

FROMME, J., not participating.