No. 47,880

Margaret Meddles, *Appellee*, v. Western Power Division of Central Telephone & Utilities Corporation, *Appellee*, and The City of Great Bend, Kansas, a Municipal Corporation, *Appellant*.

(548 P. 2d 476)

Opinion filed April 10, 1976.

*Edward R. Moses,* of Great Bend, argued the cause, and was on the brief for the appellant, City of Great Bend.

*Thomas J. Berscheidt,* of Great Bend, argued the cause, and *Jerry M. Ward,* of Great Bend, was with him on the brief for the appellee, Western Power Division of Central Telephone & Utilities Corporation.

*Lee Turner* and *Raymond L. Dahlberg,* of Turner and Hensley, Chartered, were attorneys of record for the appellee, Margaret Meddles.

The opinion of the court was delivered by

Prager, J.: This is an action to recover damages for personal injuries sustained by the plaintiff-appellee, Margaret Meddles, when she fell in a parking area adjacent to a sidewalk in the city of Great Bend. The plaintiff brought suit against Western Power Division of Central Telephone and Utilities Corporation, hereinafter referred to as Western Power, and against the city of Great Bend, hereinafter referred to as the city. The plaintiff alleged that both defendants were negligent and careless in the erection, construction, and maintenance of a water meter box located in the parking area where the plaintiff fell. Discovery depositions were taken by the parties which revealed that on the day of the accident the plaintiff was riding as a passenger in her daughter's automobile.

The automobile pulled into a diagonal parking area and stopped. Thereupon, plaintiff proceeded to get out of the automobile when the fall occurred. The plaintiff was unable to say where she fell or what caused her to fall. The evidence showed that a water meter box with a manhole cover was located in the general area where the plaintiff fell. The meter box with its cover extended approximately one inch above the concrete surface of the paved street. At some time in the past a concrete ring had been placed around the meter box and tapered to the level of the street surface. Although the meter box itself was normal and in good condition, there was broken cement around the meter box which made the surface rough and uneven. There was no available evidence as to who placed the concrete ring around the meter box nor when it was done. It apparently had been there for many years.

It was undisputed that Western Power operated the waterworks system of Great Bend under the terms of a franchise agreement. After discovery was completed, Western Power moved for summary judgment against the plaintiff's claim. The district court sustained the motion of Western Power and granted summary judgment in favor of Western Power for the reason that there was no evidence that the meter box and cover were in disrepair or defective, or that plaintiff's injuries were caused or related to the operations of the waterworks system by Western Power. The trial court found that plaintiff's evidence failed to sustain her allegations of negligence against Western Power. The trial court further found as a matter of law that the city was not entitled to indemnity from Western Power in the event the city was held liable for plaintiff's injuries. The city also filed a motion for summary judgment which the trial court overruled. The city has appealed to this court from the order of the district court sustaining the motion of Western Power for summary judgment. The city has not appealed from the order of the district court denying its motion for summary judgment.

At the time the motions for summary judgment were determined by the trial court the city of Great Bend did not have on file a cross-claim or a third-party petition seeking indemnification from Western Power. The question of liability of the city of Great Bend for its negligence has never been tried or determined. At the outset we must first consider the question of whether or not this court has jurisdiction to hear and determine the appeal of the city from the order sustaining Western Power's motion for summary judgment against plaintiff's claim. We have concluded that this court does

not have jurisdiction to hear this appeal. Appeals to the supreme court from judgments of the district court are controlled by K. S. A. 60-2102 which provides as follows:

"Invoking supreme court jurisdiction. (*a*) *As of right*. The appellate jurisdiction of the supreme court may be invoked by appeal as a matter of right from:

"(1) An order that discharges, vacates, or modifies a provisional remedy.

"(2) An order that grants, continues, modifies, refuses, or dissolves an injunction, or an order that grants or refuses relief in the form of mandamus, quo warranto or habeas corpus.

"(3) An order that appoints a receiver, or refuses to wind up a receivership or to take steps to accomplish the purposes thereof, such as directing sales or other disposal of property, or involving the tax or revenue laws, or the title to real estate, or the constitution of this state, or the constitution, laws or treaties of the United States.

"(4) A final decision in any action, except in an action to recover money, the amount in controversy must be in excess of five hundred dollars ($500). In any appeal or cross-appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable.

"(*b*) *Other appeals*. When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The supreme court may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten (10) days after the entry of the order under such terms and conditions as the court may fix. Application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the supreme court or a judge thereof shall so order."

This appeal has not been brought under paragraph (*b*) of the statute which allows interlocutory appeals prior to final judgment under certain circumstances. The jurisdiction of this court on appeal must be governed by section (*a*) of 60-2102. Since paragraphs (1), (2), and (3) of section (*a*) are not applicable in this case, the appellate jurisdiction of this court must be invoked on the basis of paragraph (4) which permits an appeal from a *final decision* in any action.

It is obvious that no final decision has been rendered by the district court in this case. The case has not been tried. No final judgment has been entered against the city, although the trial court has overruled the city's motion for summary judgment. We have held on many occasions that it is the duty of this court, on its own motion, to raise the question of its jurisdiction to entertain an

appeal. (*In re Waterman*, 212 Kan. 826, 512 P. 2d 466; *Stewart v. State Corporation Commission*, 181 Kan. 666, 313 P. 2d 749.)

In analyzing K. S. A. 60-2102, Judge Gard in his Kansas Code on Civil Procedure, § 60-2102 (*a*) states:

"While a 'final decision' is not defined the term is really self defining. Obviously it is an order which definitely determines a right or liability involved in the action, or which grants or refuses a remedy, as a terminal act in the case."

In *Connell v. State Highway Commission*, 192 Kan. 371, 374, 388 P. 2d 637, we commented as follows on the requirement of a final decision in 60-2102 (*a*) (4):

"The policy of the new code leaves no place for intermediate and piecemeal appeals which tend to extend and prolong litigation. Its purpose is to secure the just, speedy and inexpensive determination of every action.

. . . . . . . .

"No attempt was made to define the word 'final' and confuse the issue. The word is to be given its ordinary meaning. A judgment or an order is to be considered as final if all the issues in the case are determined, not just part of the issues. The last sentence of the paragraph quoted above (60-2102 [*a*] [4]) protects the right to have a review of interlocutory or intermediate orders on appeal from the final determination of the case."

*Stock v. Nordhus*, 216 Kan. 779, 533 P. 2d 1324, involved an appeal from the dismissal of a compulsory counterclaim. We held that an order dismissing a compulsory counterclaim is interlocutory and not a final decision which can be appealed as a matter of right in advance of the final judgment in the main action. We pointed out that being interlocutory in nature the trial court has the authority to reconsider and change the order dismissing defendant's counterclaim as the ends of justice may indicate in the final determination of the action between the parties. We do not consider *Russell v. Community Hospital Association, Inc.*, 199 Kan. 251, 428 P. 2d 783, cited by the city, as authority to give this court jurisdiction in the present appeal. The question of the jurisdiction of the supreme court was not raised or considered in that case.

In the present action the trial court in ruling on Western Power's motion for summary judgment at the pretrial conference determined that the city has no right of indemnification from Western Power in the event the plaintiff recovers a judgment against the city. At the time this order was made the city had not filed a cross-claim against Western Power. The order of the district court finding that the city has no right of indemnification from Western Power is not a final decision. If it desires to do so, the city may

file a cross-claim against Western Power or seek a redetermination of the issue of indemnification. We do not consider the pretrial ruling on the indemnification issue as *res judicata;* it will become so only after a final judgment is entered in the case. Until that time the city is not entitled to appeal the ruling to this court as a matter of right. After final judgment the city may seek a review of any interlocutory or intermediate orders.

For the reasons set forth above the appeal of the city of Great Bend is dismissed.